IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-MJ-1240-JG-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JOSE ARTURO GALLEGOS-GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with Immigration and Customs Enforcement ("ICE"). Defendant presented no evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required. The government's motion is therefore GRANTED.

**Background**

Defendant was charged by criminal complaint on 17 March 2010 with the offense of misdemeanor illegal entry into the United States on or about 12 March 2010 in violation of 8 U.S.C. § 1325(a). The evidence presented at the hearing showed that the charges arise from defendant's apprehension in Wake County, North Carolina on the alleged offense date without having legal residency status, as demonstrated by his alien file. The evidence further showed that on the alleged offense date defendant participated with two other men, who were charged simultaneously with defendant, in a controlled purchase of over 850 pounds of marijuana in the Raleigh area.

**Discussion**

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the flight-related nature of the offense charged; the circumstances of the offense charged, including defendant's apparent involvement in a drug transaction that could lead to the bringing of felony drug charges against defendant; the placement of an ICE detainer on defendant; and, as indicated, the other findings and reasons stated in open court.

The court has considered the evidence offered as mitigating, including defendant's lack of a significant criminal record, but finds that the factors favoring detention outweigh such evidence. He faces a term of incarceration, one of lengthy duration if drug charges are brought against him, followed by deportation. The court has been unable to identify any combination of conditions that can reasonably address the flight risk presented by these and the other circumstances discussed.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 23rd day of March 2010.

_____
James E. Gates
United States Magistrate Judge